In re Juan Montalvo, Petitioner and Appellant; People of Porto Rico, Respondent and Appellee.

No. 5215.   Argued February 17, 1930.—Decided March 31, 1930.

*Luis Mercader*, for appellant.   *R. A. Gómez*, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

There is a statute in Porto Rico prohibiting the carrying of weapons, enacted in 1905. It was amended in 1908 and again in 1924. Section 6 of that statute, as amended by Act No. 14 of 1924 (Special Session Laws, p. 118), enumerates the persons who may lawfully carry weapons. Subdivision 11 of the said section reads as follows:

"11.—Conductors of private funds while the same are in their keeping, on previous authorization of the corresponding district court, before which the conductor of said funds or his employers shall justify the need of said license."

Claiming to be a conductor of private funds, Juan Montalvo applied to the District Court of Arecibo for a license to carry a revolver while conducting such funds. Evidence was heard on the application. The prosecuting attorney for the district intervened in the proceeding and opposed the application, which was finally denied by the court.

Thereupon Juan Montalvo took an appeal to this court, and the *Fiscal* has moved for a dismissal of the appeal on the ground that it is not authorized by law.

In his answer to that motion Montalvo maintains that his right of appeal herein is based upon subdivision 1 of section 295 of the Code of Civil Procedure, which provides as follows:

"Sec. 295. An appeal may be taken to the Supreme Court from a District Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment."

The appellant contends that the proceeding authorized by subdivision 11 of section 6 of the Act prohibiting the carrying of weapons is one of the special proceedings which the Legislature had in mind when enacting the above quoted section.

The special act in question does not grant a right of appeal. As we have already stated, the appellant invokes general provisions of the Code of Civil Procedure. Summing up the jurisprudence on this question Corpus Juris says:

"In the absence of express statutory provision to the contrary, an appeal or writ of error will lie only where there has been a decision by a tribunal or officer vested with judicial authority, *and acting in a judicial capacity when making the decision.* What is a judicial decision is a question depending too much upon the circumstances of the particular case to admit of detailed discussion here. However, it may be stated as a general rule that, where any power is conferred upon a court, to be exercised by it as a court, in the manner and with the formalities of a court, and in its ordinary proceedings, the action of such court is to be deemed judicial, irrespective of the original nature of the power, and the determination of the court thereon may be, therefore, appealable. And the fact that the decision is not, strictly speaking, a judgment, or that the proceedings are not capable of being enrolled so as to constitute what is technically called a record, will not prevent it from being appealable." (Italics ours.) 3 C. J. 372, 373.

And, under the heading of "Special Proceedings", it further says:

"It is a well settled rule in most jurisdictions that where a tribunal exercises a special, limited jurisdicton, conferred by statute, and in which the procedure is not according to the course of the common law, no appeal or writ of error lies from or to its action therein, unless such appeal is expressly provided by statute. But in some jurisdictions the courts have, without any special statutory authority, allowed appeals in such cases." 3 C. J. 375.

Among the courts holding the more liberal view above set forth is found the Supreme Court of California. In a note to the above quoted text there are cited two cases from that State: *Lord* v. *Dunster*, 79 Cal. 477, and *Morton* v. *Broderick*, 118 Cal. 474.

In the former of these cases the attitude of the court in regard to the question under consideration was stated in the syllabus as follows:

"The supreme court has appellate jurisdiction over cases of contested election, under the constitution of 1879. The decisions of this court, regardless of the reasons on which they were originally based, have, by long acquiescence, fixed the construction of the constitution, upon the principles embodied in the maxim, *Contemporanea expositio est fortissima in lege;* and there being nothing in the constitution of 1879 to restrict or limit the right of appeal in contested election cases fixed by the construction of the former constitution, that right remains under the constitution of 1879." *Lord* v. *Dunster*, 79 Cal. 477.

In the other case cited it was held:

"Where a proceeding for the removal of a board of supervisors was in the form of a civil action, brought at the instance and in the name of a private individual, and the defendants were served with the summons required in a civil action, and the cause was conducted throughout as would be a civil trial, without a jury, a judgment of forfeiture of office rendered against the board in such action must be deemed rendered under civil process as respects the effect of an appeal therefrom; and the judgment can not be upheld as having been rendered in a criminal proceeding, regardless of whether the statute contemplates a civil or a criminal proceeding, inasmuch as a criminal proceeding could only be conducted in the name and by the authority of the people of the state and not by a private person.

"The former constitution having been judicially construed to empower the legislature to provide for appeals to the supreme court in special civil proceedings of a summary character, its language, re-enacted in the present constitution, will be concluded to have been adopted with the interpretation and construction which the court had enunciated; and where the construction of the present constitution has been fixed by long acquiescence and sanction both of the legislature and of the courts in favor of the right of appeal in special

cases, it cannot be open for decision to the contrary as a new question." *Morton* v. *Broderick,* 118 Cal. 474, 475.

If the above cited cases are compared with the one at bar it will be readily seen how much they differ from the latter in character. Nor can there be found in the case herein any of the precedents involved in the California cases.

It is true that here the court acted in pursuance of a statute, and there is no doubt that in refusing the license sought it considered the application therefor, weighed the evidence, and exercised its judicial discretion; but no civil proceeding, whether ex parte or adversary, of a truly judicial character was involved. The Legislature has confided to the court the granting of a license in proper cases as it could have entrusted that function to an administrative officer, and the resulting isolated, specific and discretional decision is final.

The *Fiscal* of this court confined himself to filing the motion to dismiss without submitting any brief. We are under the impression that in his oral argument at the hearing he contended that the only special proceeding to which section 295 of the Code of Civil Procedure refers are those covered by the Act of 1905 relating to special legal proceedings. We think it advisable to state here that such is not our view. Our view is broader, but no matter how broad it might be it would not go so far as to include a case like the present one, the character of which we have endeavored to identify above. (See *Luce & Co.* v. *Registrar,* 34 P.R.R. 578 and the dissenting opinion of Mr. Justice Wolf at page 579; also 20 Fed. (2nd) 115.)

The appeal must be dismissed.